**COMMONWEALTH of Kentucky, Movant**

v.

**Kim Venard CALLOWAY, Respondent.**

**No. 86-SC-976-DG.**

Supreme Court of Kentucky.

Sept. 3, 1987.

Rehearing Denied Nov. 5, 1987.

David L. Armstrong, Atty. Gen., Kay Winebrenner, Asst. Atty. Gen., Frankfort, for movant.

Allen Button, Michael T. Alexander, Gittleman & Barber, Louisville, for respondent.

VANCE, Justice.

The question is whether the failure of the Commonwealth to locate and produce at trial a potential witness for the defendant constitutes or mandates a reversal of a conviction.

The respondent was convicted of the offense of trafficking in a controlled substance. In a pretrial discovery motion, respondent requested the names of witnesses to the crime. On July 11, 1984, in response, the Commonwealth stated:

"James Morris may be an eyewitness to one or more of the acts contained in the indictment. His address is unknown, but he will be made available at trial by the Commonwealth."

James Morris was an informant for the Commonwealth. When the case was called for trial on July 11, 1984, respondent moved for a continuance because Morris was not present and respondent had relied upon the Commonwealth's promise to produce him. The Commonwealth asserted that it had not intended to guarantee the production of James Morris at trial but only that he would be produced upon request, if available.

The continuance was granted, and another trial date was set. The Commonwealth was ordered to make a good-faith effort to have Mr. Morris available at trial but that his absence would not necessarily be a basis for any further continuance. The Commonwealth was also ordered to furnish appellant any information it had as to Mr. Morris's whereabouts so that *respondent could make his own efforts to secure Mr. Morris's testimony.*

Some ten months later, on May 1, 1985, the case was again called for trial. Respondent again objected and moved for dismissal of the indictment because James Morris was not present. The Commonwealth's Attorney explained that when Morris's identity as an informant was disclosed, he simply absquatulated, and the Commonwealth had no knowledge of his whereabouts and no ability to produce him for trial.

The trial judge denied the motion to dismiss but continued the trial to May 16, 1985. At that time respondent was tried and convicted.

The Court of Appeals reversed the conviction upon the ground that the Commonwealth deprived the respondent of his right to confront his accuser by failing to produce James Morris as a potential witness. We granted discretionary review.

It should be noted at the outset that there is no suggestion that James Morris was in the custody of the Commonwealth or that the Commonwealth knew where he might be located and deliberately concealed that fact from the respondent.

Likewise, it is not known that James Morris would be a material witness for the respondent. Respondent did not file any affidavit for continuance on the grounds of an absent witness nor state the substance of any testimony that Morris was expected to give.

We note further that respondent knew at least ten months before trial that the Commonwealth might not be able to produce Morris at trial. In all of that time respondent made no effort of his own to locate Morris nor did he obtain a subpoena for his presence at trial.

■■■ Ordinarily it is not the duty of the Commonwealth to locate and produce at trial witnesses for a defendant. *Sykes v. Commonwealth,* Ky., 553 S.W.2d 44 (1977). Even though the Commonwealth, in a response to the request for a bill of particulars, agreed to make James Morris available for trial within one month, the Commonwealth made known to respondent that it might not be able to do so.

The respondent thus had ten months before the trial to secure the attendance of the witness and made no effort whatever to do so.

Respondent cites *Washington v. Texas,* 388 U.S. 14, 87 S.Ct. 1920, 18 L.Ed.2d 1019 (1967), for the proposition that the failure to produce the witness deprived respondent of his right to confront the witness against him.

In the first place, Morris was not a witness against respondent, and therefore respondent was not deprived of his right of confrontation. In the second place, *Washington v. Texas, supra,* is not remotely in point because it did not deal with failure of the government to locate or produce a witness for the defendant, but rather it dealt with a statute which arbitrarily held the testimony of certain witnesses to be incompetent.

Neither did the ruling of the trial court deny to respondent the right to compulsory process to secure the attendance of a witness. The fact is that respondent simply did not seek any process to secure the attendance of Morris at trial and did not make any showing that Morris would have given any testimony favorable to respondent.

The decision of the Court of Appeals is reversed with directions that the judgment of conviction be reinstated.

All concur.