925 F.2d 1462
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Kim Venard CALLOWAY, Petitioner-Appellant,
v.
Stephen T. SMITH, Warden, Respondent-Appellee.
 No. 90-5972.
 United States Court of Appeals, Sixth Circuit.
 Feb. 14, 1991.
 ORDER
 
 1
 Kim Venard Calloway, a pro se Kentucky prisoner, appeals the district court's order dismissing his petition for a writ of habeas corpus filed under 28 U.S.C. Sec. 2254. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Calloway was convicted by a jury on May 17, 1985 in Jefferson Circuit Court of three counts of trafficking in a controlled substance. He then pleaded guilty to being a second-degree persistent felony offender and his sentence was set at seven years imprisonment.
 
 
 3
 Calloway appealed, alleging denial of due process, equal protection, and his sixth amendment rights to compulsory process and confrontation. The Kentucky Court of Appeals reversed his conviction on October 31, 1986, finding that the Commonwealth's failure to produce at trial a confidential informant, James Morris, effectively denied Calloway his rights to compulsory process and confrontation. However, the Kentucky Supreme Court reversed the Court of Appeals in a decision issued September 3, 1987. See Commonwealth v. Calloway, 737 S.W.2d 691 (Ky.1987). The Kentucky Supreme Court noted that ordinarily it is not the duty of the Commonwealth to locate and produce at trial witnesses for a defendant. Sykes v. Commonwealth, 553 S.W.2d 44, 46 (Ky.1977). It then found that because Morris was not a witness against Calloway, there was no denial of his right to confrontation, and that compulsory process was not denied because Calloway did not seek any process to secure Morris's attendance. Calloway's conviction was reinstated.
 
 
 4
 Subsequently, Calloway filed a RCr 11.42 motion to vacate judgment based on ineffective assistance of counsel for failure to subpoena the informant. This motion was denied on March 16, 1988 and the denial was affirmed on March 17, 1989.
 
 
 5
 In his habeas petition, Calloway raised four grounds for relief under the sixth and fourteenth amendments: (1) the Commonwealth did not produce its informant at trial, (2) the trial court's failure to permit introduction of evidence concerning the informant's record was "biased involvement," (3) the Commonwealth violated the trial court's order to make a good faith effort to produce the informant, and (4) counsel was ineffective due to failure to subpoena the informant. Calloway later withdrew the ineffective assistance of counsel claim. In a memorandum and order entered on July 20, 1990, the district court dismissed Calloway's petition. The court found that Calloway's claim of a sixth amendment violation was "fatally flawed by his failure to attempt to procure Morris's attendance at trial himself" and that Calloway made no showing that Morris's testimony would have been material or helpful to his defense. Further, the court found that the trial court's exclusion of evidence concerning Morris's misdemeanor conviction did not render Calloway's trial fundamentally unfair, so as to constitute a denial of federal rights.
 
 
 6
 On appeal, Calloway continues to argue the merits of his claims. He moves for the appointment of counsel and for permission to file additional documentary evidence, and requests a transcript at government expense in his brief.
 
 
 7
 Upon review, we shall affirm the district court's order because Calloway's trial was fundamentally fair. Lundy v. Campbell, 888 F.2d 467, 469-70 (6th Cir.1989), cert. denied, 110 S.Ct. 2212 (1990).
 
 
 8
 Accordingly, the motions for counsel and for permission to file additional evidence, and the request for a transcript at government expense are denied. The district court's order denying a writ of habeas corpus is hereby affirmed for the reasons stated in the district court's memorandum entered on July 20, 1990. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 9
 ---------------
 
 
 
 * The Honorable Charles W. Joiner, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation.